UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SCHWAB,

        Plaintiff,

v.                                                    Case No.

HUT FLORIDA LLC, a foreign
limited liability company,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN SCHWAB (hereafter "Plaintiff"), hereby sues Defendant, HUT FLORIDA LLC, a foreign limited liability company ("Defendant"), and alleges as follows:

### NATURE OF ACTION

1. This action is brought by a Pizza Hut general store manager under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") to redress Defendant's failure to compensate Plaintiff for overtime work consisting of non-managerial tasks typically performed by hourly or even tipped employees which Defendant refused to hire or maintain as employees in Plaintiff's 4th Street store in St. Petersburg, FL 33701.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3. Defendant's unlawful conduct in violation of the FLSA was committed within the jurisdiction of the Tampa Division of the United States District Court for the Middle

-1-

District of Florida.

4. Defendant is registered with sunbiz to conduct business in Florida. Defendant owns or operates dozens of Pizza Hut restaurants in Florida.

5. Defendant is an enterprise engaged in commerce and a covered employer within the meaning of the FLSA. It transacts business using materials transported in interstate commerce and its annual revenues exceed $500,000.

6. At all times material, Plaintiff was employed as a General Manager over Defendant's Pizza Hut (store #4643) restaurant located at 9099 4th Street North, St. Petersburg, Florida 33702.

7. Plaintiff was first employed by Defendant as the General Manager at Store No. 4643 on March 24, 2021.

8. Plaintiff voluntarily separated employment with Defendant in or around August 30, 2022.

9. During Plaintiff's employment as a General Manager, his primary duty was non-managerial work that would otherwise be performed by hourly employees.

10. Defendant suffered from an inability to hire hourly employees. When hourly employees were trained in Store # 4643, they were often transferred to other stores operated by Defendant.

11. Plaintiff had very little discretion in staffing. Plaintiff was often unable to hire hourly employees due in part to a shortage of applicants and by Defendant's routine practice of reassigning shift managers trained by Plaintiff to other stores owned by Defendant, leaving Plaintiff to perform non-managerial tasks.

12. Defendant's shift managers are classified as non-exempt employees. They

are paid hourly and earn overtime compensation. They either earned or had the potential to earn more than Plaintiff depending on the shift manager's availability to work overtime in Store # 4643.

13. The Area Manager to whom Plaintiff reported wanted to prevent Plaintiff from incurring overtime in his store. Consequently, Plaintiff was forced to work extra hours and perform non-managerial work due to lack of available staffing. Managing one's self is not exempt work.

14. Plaintiff was unable to function as a exempt manager because he worked approximately 80 hours per week and 80-90 percent of those hours were spent performing hourly non-managerial tasks.

15. The non-managerial work which dominated Plaintiff's typical work week encompassed washing dishes, sweeping, cooking, cleaning, deliveries, etc. Very little time was spent managing, hiring or training because of a shortage of hourly workers and transfers of shift managers from Plaintiff's store.

16. Defendant's written or unwritten policies and practices forced Plaintiff to work overtime performing non-exempt duties for almost 80-90 percent of the time.

17. Plaintiff's salary was intended to cover 50 hours of work per week. Plaintiff routinely worked 65-80 hours per week.

## COUNT I: OVERTIME VIOLATIONS UNDER FLSA

18. Plaintiff restates the allegations contained in paragraphs 1 through 17.

19. Defendant knowingly classified Plaintiff as an exempt employee with full knowledge that his primary duty in Store # 4643 was non-exempt work due in part to a a labor shortage and nderstaffing for non-exempt positions.

20. Defendant repeatedly and willfully violated the FLSA by failing to pay Plaintiff overtime compensation representing one and one-half times his weekly hourly rate for hours worked in excess of 40 per week.

21. Plaintiff occupied a non-exempt position with Defendant because Defendant understaffed the restaurant.

22. Plaintiff has been damaged by the foregoing willful conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

- A. Order Defendant pay an award of back pay and liquidated damages to Plaintiff;
- B. Order Defendant to pay prejudgment interest on all sums due Plaintiff;
- C. Order Defendant to pay an award of attorney's fees and costs; and such further relief as the Court deems just, necessary, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Craig L. Berman
Craig L. Berman, Esquire
Fla. Bar No. 068977
Plaza Tower
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL 33701
(727) 550-8989
(727) 894-6251
craig@bermanlawpa.com

**TRIAL COUNSEL FOR PLAINTIFF**