UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SCHWAB,

    Plaintiff,

v.                                                       Case No: 8:23-cv-188-CEH-J_S

HUT FLORIDA LLC,

    Defendant.
_____

## **ORDER**

This matter comes before the Court on Defendant Hut Florida LLC's Unopposed Motion for Confirmation of the Arbitration Award (Doc. 16). Upon review and full consideration, the Court will grant the motion.

The parties engaged in arbitration of a dispute under the Fair Labor Standards Act ("FLSA") before Arbitrator Cary R. Singletary. Doc. 16-3. On August 9, 2024, Mr. Singletary entered an arbitration award that granted Defendant's motion for summary judgment and fully resolved the claims in this action in Defendant's favor. Doc. 16-4. Specifically, Mr. Singletary determined that Plaintiff's work duties placed him into the FLSA "Executive" Classification and that he was not owed any overtime compensation. *Id.* Pursuant to the Federal Arbitration Act ("FAA"), Defendant seeks confirmation of that award.

"The Federal Arbitration Act provides in relevant part, '[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award

made pursuant to the arbitration,' then a United States court in the district in which the award was made has the authority to confirm the award." *Booth v. Hume Pub., Inc.,* 902 F.2d 925, 929-930 (11th Cir. 1990) (citing 9 U.S.C. § 9). Here, the parties' agreement contains such a provision. *See* Doc. 16-1; Doc. 16 ¶¶ 1, 12.

Under the FAA, a "heavy presumption" exists favoring the confirmation of arbitration awards. *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1288-89 (11th Cir. 2002) (citation omitted). Therefore, the district court's confirmation is "usually routine or summary." *Id.* When considering a motion to confirm, a district court may resolve the issue simply by looking to the papers submitted to the Court. *Booth*, 902 F.2d at 932. The grounds to refuse to confirm an award are limited to those set forth in sections 10 and 11 of the FAA. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 584 (2008). The FAA requires a party to seek confirmation of an arbitration award in an appropriate court within one year after the award was made. 9 U.S.C. § 9; *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,* 529 U.S. 193, 195 (2000).

Here, Defendant has timely sought confirmation of the award in an appropriate court. Further, no party has asserted any grounds for vacating or modifying the award. Accordingly, it is **ORDERED**:

1. Defendant Hut Florida LLC's Unopposed Motion for Confirmation of the Arbitration Award (Doc. 16) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Defendant Hut Florida LLC and against Plaintiff John Schwab.

3. The Clerk is further directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on December 3, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties